IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY ROBINSON,<br>    Movant, | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:11-CV-1183-WSD-LTW |
| v. | :: <br> :: | CRIMINAL ACTION NO.<br>1:08-CR-5-WSD-LTW |
| UNITED STATES OF AMERICA,<br>    Respondent. | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |

**FINAL REPORT AND RECOMMENDATION**

Movant, pro se, challenges under 28 U.S.C. § 2255 his conviction in this Court for possession of a firearm by a convicted felon. (Doc. 71.) Respondent has filed a response opposing the motion, (Doc. 76), and Movant has filed a reply, (Doc. 80). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that he be denied a certificate of appealability.

**I.   Background**

On February 4, 2007, Atlanta police officers arrested Movant and charged him with carrying a concealed weapon, possession of a firearm by a convicted felon, and other crimes. (Doc. 71-1 at 6.) A few weeks later, Movant pled guilty in state court to carrying a concealed weapon and possession of a firearm by a convicted felon. (*Id.*) The state court sentenced Movant to ten years in prison, but he served only four months in confinement from the date of his arrest. (*Id.* at 6, 18.)

In January 2008, a federal grand jury indicted Movant for possession of a firearm by a convicted felon based on the February 4, 2007 incident. (*Id.* at 6.) A

petit jury convicted Movant of that crime, and the Court sentenced him to 235 months' imprisonment and five years' supervised release. (*Id.*) The Eleventh Circuit Court of Appeals affirmed Movant's conviction and sentence, (Doc. 68), and the U.S. Supreme Court denied him a writ of certiorari, (Doc. 70). Multiple attorneys with the Federal Public Defender represented Movant throughout this case. (Doc. 71 at 5.)

Movant asserts two grounds for relief in his § 2255 motion, both of which allege ineffective assistance of counsel. (*Id.* at 4.) First, Movant claims that his counsel were ineffective for not raising a double jeopardy challenge to his federal prosecution. (*Id.*; Doc. 71-1 at 10-17.) Second, Movant claims that his counsel at the sentencing hearing was ineffective for not requesting credit toward his federal sentence for the four months he served in state confinement. (Doc. 71 at 4; Doc. 71-1 at 18-21.)

## II.  Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct

2

appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

### III.  Analysis

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

3

§ 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). As discussed below, the record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255.

A.   Ground One

Movant contends that the federal government's prosecution of him for possession of a firearm by a convicted felon after the State of Georgia prosecuted him for the same conduct violated his constitutional right to double jeopardy and, as a result, his counsel should have raised the issue in this case. Movant concedes that Georgia and the United States are separate sovereigns that may prosecute a person for the same offense, but invokes the purported "tool" exception to the dual sovereignty doctrine. Movant contends that Respondent "completely adopted the [State's] entire cache of evidence, witnesses, and facts without gathering any of these through its own independent investigation," that "both prosecutions [were] the result of exclusively Georgia's efforts," and that his federal prosecution was "a mirror and a carbon copy" of his state prosecution. (Doc. 71-1 at 13-14.) Movant argues that the State, therefore, was "a mere 'tool' in a manipulation of the dual sovereignty doctrine for the sole purpose of punishing [him] twice for the same offense." (*Id.*)

The Supreme Court has "specifically authorize[d], under the doctrine of 'dual sovereignty,' a federal prosecution for acts that a defendant has been convicted of in state court." *United States v. Cordova*, 758 F. Supp. 2d 1367, 1381 (N.D. Ga. 2010) (citing *Abbate v. United States*, 359 U.S. 187 (1959)). In *Bartkus v. Illinois*, the

4

Supreme Court upheld a state-court conviction after the defendant had been acquitted of crimes in federal court for the same conduct and noted the following:

> The record . . . does not support the claim that the State of Illinois in bringing its prosecution was merely a tool of the federal authorities, who thereby avoided the prohibition of the Fifth Amendment against a retrial of a federal prosecution after an acquittal. It does not sustain a conclusion that the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution.

359 U.S. 121, 123-24 (1959).

Some federal courts, all outside the Eleventh Circuit, "have inferred a sham prosecution exception" to the dual sovereignty doctrine based on the language quoted above from *Bartkus*. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1361 (11th Cir. 1994) (collecting cases). The Eleventh Circuit has not decided whether such an exception exists. *United States v. Gholikhan*, 370 F. App'x 987, 990 (11th Cir. 2010) ("This court has repeatedly declined to confront the validity of the sham prosecution [exception] in those cases where the defendant had failed in any event to demonstrate sham prosecutions."); *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1311 n.13 (11th Cir. 1999) ("We have repeatedly refused to decide whether such an exception actually exists."). In the circuits that have recognized the exception, a defendant "must show that one sovereign was so dominated, controlled, or manipulated by the actions of the other that it did not act of its own volition" to fit within the exception. *Baptista-Rodriguez*, 17 F.3d at 1361 (citing cases from the Tenth Circuit and D.C. Circuit).

Movant's counsel were not deficient for not raising a double jeopardy objection to his federal prosecution because such an objection lacked merit. Movant's double jeopardy objection is based on a purported exception to the dual sovereignty doctrine that has not been recognized in the Eleventh Circuit. Thus, it was not unreasonable for his counsel not to raise the issue in either this Court or on appeal.

Even if the exception existed, "this Circuit has held that the defendant must show that one sovereign controlled, dominated, or manipulated the *prosecution* of the defendant by the other," *Cordova*, 758 F. Supp. 2d at 1382 (quotation marks omitted), and Movant has made no such showing. Movant alleges in only a conclusory fashion that Respondent used the State as its "tool" to gather the evidence Respondent used to prosecute Movant after he was convicted in State court. (*See* Doc. 71-1 at 14 ("The [federal] Government simply garnered all of the evidence . . . and witnesses . . . from the Georgia prosecution, and successively reprosecuted and punished [Movant].").) Movant has alleged no facts suggesting that Respondent controlled or dominated the State's prosecution of Movant, which was short-lived because Movant pled guilty in state court less than two months after he was arrested for possessing a firearm. *See Cordova*, 758 F. Supp. 2d at 1382 ("In our Circuit an allegation that federal authorities controlled an investigation, rather than a prosecution, is insufficient to raise the sham prosecution exception, if there is one.").

Respondent's use in this case of the same evidence that state officials obtained and used against Movant in the state case does not help Movant's claim. In *Bartkus*,

6

the case from which the purported exception arose, the federal government first prosecuted the defendant and then "turned over to the [state] prosecuting officials all the evidence [it] had gathered against the [defendant]," yet the Supreme Court found no double jeopardy violation. *Bartkus*, 359 U.S. at 122-23; *see United States v. McCloud*, No. CR406-247, 2007 WL 1706353, at *8 (S.D. Ga. June 11, 2007) (holding that purported sham prosecution exception did not apply to federal prosecution for felony possession of a firearm after state conviction for same offense). In the face of the strong presumption that his counsel acted reasonably, Movant has not shown that no objectively reasonable lawyer would have failed to raise a double jeopardy challenge in this case. Accordingly, Movant is not entitled to relief on ground one of his § 2255 motion.

   B.   Ground Two

Like ground one, Movant has not shown in ground two that his sentencing counsel was ineffective because there was no legal basis for sentencing counsel to do what Movant contends he should have done. Movant argues that his sentencing counsel should have requested that he receive credit toward his federal sentence for the four months he spent in state custody as a result of the February 4, 2007 incident that led to both his state and federal prosecutions. Movant contends that his possession of a firearm on that date in violation of state law was relevant conduct to his federal crime and that his federal sentence must be reduced by four months to avoid punishing him twice for that conduct. Movant relies on § 5G1.3(b) of the U.S.

Sentencing Guidelines (the "Guidelines").

The Guidelines provide that if a federal

> term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) *and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)*, the sentence for the instant offense shall be . . . adjust[ed] . . . for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

U.S. Sentencing Guidelines Manual § 5G1.3(b) (2007) (emphasis added).[1] As pertinent here, "relevant conduct" consists of "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* § 1B1.3(a)(1).

Movant was not eligible for sentence credit under § 5G1.3(b), and thus his counsel was not deficient for not requesting it, because his offense level under the Guidelines was not increased under Chapter Two or Chapter Three of the Guidelines. (PSR at 3.) To credit state imprisonment toward a federal sentence, Section 5G1.3(b) plainly requires that the state crime not only be relevant conduct to the federal offense, but that it be used to increase the defendant's offense level under either the offense

---

[1] The 2007 version of the Guidelines applied to Movant's case. (*See* Movant's Presentence Investigation Report ("PSR") at 3.) Movant's PSR is in the Court's sealed records.

8

conduct (chapter two) or adjustments (chapter three) chapters of the Guidelines.[2] Guidelines § 5G1.3(b). Movant's state crime, and the conduct underlying it, was not used to increase Movant's offense level in any way under either of the specified chapters of the Guidelines. (PSR at 3-28; *See* Doc. 59 ("Sent. Tr") at 6-8.) Thus, there was no basis for his counsel to request credit under § 5G1.3(b).

Movant also argues that his state offense increased his base offense level because he was deemed an armed career criminal under 18 U.S.C. § 924(e), which increased his offense level under the Guidelines, and that the state offense was the basis for the § 924(e) enhancement. Movant was deemed an armed career criminal because he had three prior convictions for violent felonies or serious drug offenses, and his base offense level for his federal firearm crime was increased because of those prior convictions. (PSR at 19-21, 26.) However, the armed career criminal enhancement is found in § 4B1.4 of the Guidelines, which is in Chapter Four. (*Id.*; Guidelines § 4B1.4.) To receive sentence credit for another offense that is relevant conduct, a defendant's offense level must be increased "under Chapter Two (Offense

---

[2] Movant relies on cases involving the pre-2003 version of the Guidelines, which did not include in § 5G1.3(b) the requirement that the relevant conduct be the basis of an increase in the offense level. *See, e.g., United States v. Descally*, 254 F.3d 1328, 1330-31 (11th Cir. 2001). The old version of the Guidelines required only that the other offense "have been fully taken into account in the determination of the offense level for the instant offense." *Id.* at 1331. Because the pre-2003 version of the Guidelines did not apply in Movant's case, neither the language in that version nor the cases upon which Movant relies are relevant here. *See United States v. Lino*, 493 F.3d 41, 45 (1st Cir. 2007) ("[U]nder the new version of § 5G1.3(b), the prior offense must have increased the defendant's offense level for the instant offense under Chapter Two or Chapter Three of the Guidelines.").

Conduct) or Chapter Three (Adjustments)" of the Guidelines. Guidelines § 5G1.3(b). Movant's enhancement under Chapter Four (Criminal History and Criminal Livelihood) does not qualify for credit under § 5G1.3(b). *See Lino*, 493 F.3d at 45 (holding that "an increase in the criminal history category is not a basis for triggering a § 5G1.3(b) adjustment" because a defendant's criminal history category "is provided for under Chapter Four of the Guidelines").

Moreover, the state crimes to which Movant pled guilty for the February 4, 2007 incident were not part of the predicate convictions that made Movant an armed career criminal under 18 U.S.C. § 924(e). (PSR at 3-19; Sent. Tr. at 7-8 (noting that the convictions shown on page nineteen of the PSR were the predicate convictions).) As detailed in the PSR, Movant had well more than three qualifying prior convictions excluding the February 4, 2007 incident, and three of his convictions that occurred in 1985 and 1995 were used to enhance his sentence under § 924(e). (PSR at 3-19.) Because Chapter Four of the Guidelines provide the sentence enhancement for Movant's armed career criminal status and his 2007 state convictions played no role in that enhancement, his sentencing counsel had no basis upon which to request credit under § 5G1.3(b) of the Guidelines for the four months Movant was in state custody in 2007. Movant therefore has not shown that his counsel's performance was objectively unreasonable.

Even if Movant had shown deficient performance by his counsel, he has not shown that he was prejudiced by counsel's failure to request the four-month sentence

10

credit. The Guidelines were not binding on the Court when it sentenced Movant, but instead were merely advisory. *See United States v. Booker*, 543 U.S. 220, 259-60 (2005). Movant has offered nothing suggesting that, even if his counsel had requested the four-month credit, there is a reasonable probability the Court would have granted the request. For all the foregoing reasons, Movant is not entitled to relief on ground two of his § 2255 motion.

## IV. Certificate of Appealability ("COA")

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. As shown in Part III, *supra*, the record conclusively demonstrates that Movant is not entitled to relief, and the resolution of his claims is not reasonably debatable.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to

vacate sentence [71] be **DENIED** and that civil action number 1:11-cv-1183-WSD-LTW be **DISMISSED**. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability.

**SO RECOMMENDED** this 19 day of October, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

12