# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LARRY ROBINSON, <br>                Movant, <br> v. <br> UNITED STATES OF AMERICA, <br>                Respondent. | CRIMINAL ACTION NO. <br> 1:08-cr-5-WSD-LTW <br><br> CIVIL ACTION NO. <br> 1:11-CV-1183-WSD-LTW |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [81][1] ("R&R") on Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [71] ("Section 2255 Motion").

## I. BACKGROUND[2]

In February 2007, Movant Larry Robinson ("Movant") was arrested for, and ultimately convicted of, various Georgia state crimes, including possession of a

---

[1] Docket number references are to the docket in Criminal Action No. 1:08-cr-5-WSD-LTW.

[2] The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

firearm by a convicted felon. Movant served 120 days in prison in connection with the state conviction.

In January 2008, a federal grand jury indicted Movant for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The federal indictment was for the same act of possession giving rise to Movant's state arrest and conviction. On May 28, 2008, Movant was convicted in this Court of the federal charges, and on October 16, 2008, the Court sentenced Movant to 235 months in prison. The Eleventh Circuit affirmed Movant's conviction and sentence, and the U.S. Supreme Court denied Movant's petition for a writ of certiorari.

On April 8, 2011, Movant filed his Section 2255 Motion in which he seeks to have his conviction and sentence vacated on the ground that he was afforded ineffective assistance of counsel. Movant alleges that his trial attorneys were ineffective because (1) they failed to raise a double jeopardy challenge to his federal prosecution and (2) they failed to request a sentencing credit for the time Movant served in state prison on the state conviction.[3]

---

[3] Section 2255 authorizes a federal prisoner to move the court that imposed his sentence to vacate the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a) (Supp. IV 2010). Ineffective assistance of counsel is properly asserted in a § 2255 motion. United States v. Williams, 468 F.2d 819, 820 (5th Cir. 1972) (per curiam).

On October 20, 2011, Magistrate Judge Walker issued her R&R on the Section 2255 Motion. Judge Walker first considered Movant's double jeopardy argument. She noted that, under the doctrine of dual sovereignty, a federal prosecution for acts prosecuted in state court does not generally constitute "double jeopardy" as proscribed by the Constitution. She also noted, as argued by Movant, that some federal courts—but not the Eleventh Circuit—have recognized a "sham prosecution" exception to dual sovereignty prosecutions when "one sovereign was so dominated, controlled, or manipulated by the actions of the other that it did not act of its own volition." Judge Walker concluded that Movant's trial attorneys were not ineffective because, the exception argued by Movant not having been recognized in this Circuit, the attorneys were not unreasonable in failing to raise the exception. Judge Walker further concluded that, even if the exception exists in this Circuit, it does not apply to this case because Movant has not shown that the federal government controlled the State of Georgia's prosecution of Movant (or vice-versa). He alleges only that the federal government relied on Georgia's investigation in collecting evidence.

Judge Walker next considered Movant's credit-for-time-served argument. Movant argues that his state conviction and sentence are "relevant conduct" to the federal charges and that, therefore, the Sentencing Guidelines require that

Movant's federal sentence be reduced by the length of his state confinement. Judge Walker noted that the 2007 Guidelines, which governed Movant's case, provide that a sentence should be "adjusted" for "a term of imprisonment [that] resulted from another offense that is relevant conduct to the instant offense" if the related offense "was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)." Judge Walker found that Movant's state offense was not the basis for an offense level increase in his federal sentencing: the state offense was not used to increase Movant's offense level under Chapter Two or Three of the Guidelines, and the prior convictions that resulted in an offense level increase under Chapter 4 did not include the state offense. Accordingly, Judge Walker concluded that Movant was not entitled to the time-served credit he seeks and that his attorneys were not ineffective in not requesting it.

Finding Movant's arguments that he was afforded ineffective assistance of counsel to be without merit, Judge Walker recommends that the Section 2255 Motion be denied. Judge Walker further recommends that the Court deny Movant a certificate of appealability because it is not debatable that Movant is not entitled to relief under Section 2255.

On October 20, 2011, Judge Walker issued an order directing the Clerk to serve Movant with the R&R and informing Movant that any objections to the R&R would be due within fourteen (14) days of its service. On October 31, 2011, Movant requested an extension of time in which to file objections to the R&R. On November 8, 2011, the Court granted Movant's request and extended his deadline to file objections to December 7, 2011. Petitioner did not file any objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B. <u>Analysis</u>

1. *Denial of Section 2255 Motion*

Movant does not object to Judge Walker's conclusion that Movant's trial counsel was not ineffective for failing to assert a double jeopardy challenge to Movant's federal prosecution. The Court does not find error in this conclusion. See <u>United States v. Baptista-Rodriguez</u>, 17 F.3d 1354, 1361 (11th Cir. 1994) (stating that the Eleventh Circuit has not directly adopted the "sham prosecution" exception to dual sovereignty prosecutions and explaining that, in those courts that have adopted it, the exception applies only where the defendant demonstrates that one prosecuting sovereign "was so dominated, controlled, or manipulated by the actions of the other that it did not act of its own volition"). Accordingly, the Court concludes that Movant was not entitled to challenge his federal prosecution on double jeopardy grounds and that his attorneys were not ineffective for failing to raise the challenge. See <u>Joiner v. United States</u>, 103 F.3d 961, 963 (11th Cir. 1997) (per curiam) (holding that defendant is not prejudiced by his counsel's failure to raise a challenge, and therefore cannot obtain § 2255 relief, if defendant did not have "a reasonable probability of success" on the challenge).

Movant also does not object to Judge Walker's conclusion that Movant's counsel was not ineffective for failing to seek time-served credit for the time

6

Movant served on his state conviction. The Court does not find error in this conclusion. See U.S. Sentencing Guidelines Manual § 5G1.2(b) (2007) (providing that a sentencing court must adjust a sentence for time served for "relevant conduct" only if the conduct was the basis for an increase in the offense level under Chapter Two or Three of the Guidelines). Accordingly, the Court concludes that Movant was not entitled to an adjustment of his sentence for time-served on the state conviction and that his attorneys were not ineffective for failing to raise the challenge. See Joiner, 103 F.3d at 963.

2. *Certificate of Appealability*

A district court "must issue or deny a certificate of appealability [under 28 U.S.C. § 2253(c)] when it enters a final order adverse to the appellant." See R. Governing § 2255 Cases 11(a). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 4884 (2000). The Court agrees with Judge Walker that Movant has not demonstrated that a reasonable jurist could debate whether Movant states a valid claim for ineffective assistance of counsel. Thus, the certificate of appealability is denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [81] is **ADOPTED**. Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [71] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11(a) of the Rules Governing Section 2255 Cases, is **DENIED**.

**SO ORDERED** this 29th day of November, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE